**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VINCENT CLARK,

                                        Plaintiff,

        v.                                                        **Civil Action No.:_____**

MCCORMICK & SCHMICK RESTAURANT
CORP. d/b/a MASTRO'S STEAKHOUSE, TILMAN
J. FERTITTA, STEVEN LEE SCHEINTHAL, and
RICHARD HOLDEN LIEM,

                                        Defendants
.

## NOTICE OF REMOVAL

TO:     THE UNITED STATES DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF NEW YORK

        Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants McCormick & Schmick

Restaurant Corp. d/b/a Mastro's Steakhouse, Tilman J. Fertitta, Steven Lee Scheinthal, and

Richard Holden Liem (collectively "Defendants") hereby remove the above-captioned action from

the Supreme Court of the State of New York, County of New York to the United States District

Court for the Southern District of New York, and in support thereof states as follows:

        1.      On or about October 25, 2021, Plaintiff Vincent Clark ("Plaintiff") filed a

Summons and Complaint against Defendants in the Supreme Court of the State of New York,

County of New York, under Index No.: 159691/2021 (copies of the Summons and Complaint are

annexed hereto as Exhibit "A"), which were signed by Plaintiff's counsel.

        2.      Plaintiff purportedly served Defendants through the New York Secretary of State

on November 3, 2021.  (Copies of the Affidavits of Service are annexed hereto as Exhibit "B".)

Defendants did not have notice of the Summons and Complaint until they received copies of the

Summons and Complaint from the New York Secretary of State on or about November 10, 2021. The Summons and Complaint and Affidavits of Service contain all process, pleadings, and orders served on Defendants prior to removal of this action.

3.     Removal is proper under 28 U.S.C. §§ 1441(a) and 1332 because, as pled in the Summons and Complaint Plaintiff is a citizen of the State of New York and Defendants Tilman J. Fertitta, Steven Lee Scheinthal, and Richard Holden Liem are citizens of the State of Texas. Further, contrary to the assertions made in the Complaint, Defendant McCormick & Schmick Restaurant Corp. is a Delaware corporation with its principal place of business in Texas. Thus, Plaintiff and Defendants are citizens of different States and the amount in controversy of the Action is in excess of $75,000.00, exclusive of interest and costs.

4.     Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after Landry's initially received notice of the lawsuit commenced in state court.

5.     The state court action was commenced in the Supreme Court of the State of New York, County of New York. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.     Plaintiff purports to allege claims of failure to properly pay wages and tips under New York Labor Law Articles 6 and 19, and the regulations promulgated thereunder.

7.     This Court has jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiff and Defendants Dollar, and the amount in controversy exceeds $75,000.00.

## I.    <u>DIVERSITY OF CITIZENSHIP</u>

8.      Where an action involves a corporation, such as Defendants, the corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9.      An natural person is a citizen of the State in which the person is domiciled.  *See Gilbert v. David,* 235 U.S. 561, 569, 35 S.Ct. 164 (1915); *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

10.     As alleged in the Complaint, Plaintiff resides in the State of New York.  *See* Complaint ¶ 8.  Upon information and belief, Plaintiff is domiciled in New York. Accordingly, Plaintiff is a citizen of New York for diversity purposes.

11.     As alleged in the Complaint, Defendants Fertitta, Scheinthal, and Liem reside in the State of Texas.  *See* Complaint ¶¶ 10, 12, and 14.  Accordingly, Defendants Fertitta, Scheinthal, and Liem are citizens of the State of Texas for diversity purposes.

12.     As set forth in the Declaration attached as Exhibit "C", McCormick & Schmick Restaurant Corp. is a Delaware corporation with its principal place of business in Texas.  *See* Exhibit C.  Accordingly, McCormick & Schmick Restaurant Corp. is a citizen of States of Delaware and Texas for diversity purposes.

11.     Accordingly, for removal purposes, there is complete diversity among the parties at the time the Action was commenced.

## II.    <u>AMOUNT IN CONTROVERSY</u>

12.     "[T]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Beacon*

*Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975) (citing *Smith v. Adams*, 130 U.S. 167, 175, 9 S.Ct. 566, 32 L.Ed. 895 (1889)).

13.     In the Complaint, Plaintiff does not set forth the amount in damages that he seeks. Nevertheless, based upon Plaintiff's allegations as set forth in his Complaint, Defendants reasonably believes that the amount in controversy exceeds the requisite threshold sum or value of $75,000.

14.     When a plaintiff alleges no specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014).  Here, Plaintiff's injuries allegedly result from Defendants alleged failure to pay Plaintiff properly and that he seeks unpaid minimum wages, overtime, and gratuities.  *See* Complaint ¶¶ 45-67.  In addition to said payments, Plaintiff seeks liquidated damages and damages for alleged violations for failing to provide Plaintiff with a rate of pay notice under New York Labor Law § 195.  *See id.* and Complaint ¶¶ 68-77.  Further, Plaintiff seeks attorneys' fees, costs, and interest.  *See id*.  Based upon the foregoing, Defendants plausibly allege that the amount in controversy instantly exceeds the jurisdictional threshold, and that the requirements of 28 U.S.C. §1332(a)(1) are met, thereby justifying removal of this matter to this honorable court.

## III. <u>NOTICE TO PLAINTIFF AND THE STATE COURT</u>

15.     Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the State Court.

16.     By removing this matter, Defendants do not waive or intend to waive any available claims or defenses.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request the opportunity to submit evidence, points, and authorities further supporting the removal of this action.

Dated: December 3, 2021
        New York, New York                    Respectfully submitted,

                                By:____/s/ *Glenn S. Grindlinger*
                                Carolyn D. Richmond
                                Glenn S. Grindlinger
                                **FOX ROTHSCHILD LLP**
                                101 Park Avenue, 17th Floor
                                New York NY 10178
                                Telephone:  (212) 878-7900
                                Facsimile:  (212) 692-0940
                                crichmond@foxrothschild.com
                                ggrindlinger@foxrothschild.com

                                *Attorneys for Defendants McCormick &*
                                *Schmick Restaurant Corp. d/b/a Mastro's*
                                *Steakhouse, Tilman J. Fertitta, Steven Lee*
                                *Scheinthal, and Richard Holden Liem*

128429434.1